ORDER AND JUDGMENT **
ARTHUR L. ALARCÓN, Circuit Judge.
Apolonio Alvarez-Becerra appeals from the denial of his motion to suppress evidence obtained as a result of a traffic stop. He seeks reversal of the judgment of conviction on the ground that the district court erred in concluding as a matter of law that evidence of a defendant’s name and identity is not suppressible in a criminal proceeding even if it was obtained in violation of the Fourth Amendment. After independently reviewing the record, we affirm without resolving this legal question because it is undisputed that Alvarez-Becerra was detained because he was driving a vehicle with a cracked windshield.
I
On December 26, 1999, Officer Gary Reed of the Albuquerque Police Department stopped Alvarez-Becerra because of a crack in the windshield of the blue Ford Probe he was driving. The officer asked Alvarez-Becerra his name and birth date. When Alvarez-Becerra first responded, he stated that his name was Alfonso Alvarez. When Officer Reed asked him to disclose his birth date, Alvarez-Becerra hesitated, and then stated he was born on July 27, 1958. Officer Reed told Alvarez-Becerra to stop lying and tell the truth. AlvarezBecerra then told the officer his true name and birth date. Based on that information, the officer conducted a computer check through the National Crime Information Center. The computer check revealed that Alvarez-Becerra was a previously deported alien who had a detainer placed on him by the Immigration and Naturalization Service because of a felony conviction in Arizona. Officer Reed arrested Alvarez-Becerra for concealing his identity. Alvarez-Becerra was subsequently indicted for re-entering the United States as a deported alien previously convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a)(1) & (2) and § 1326(b)(2).[1]
*405 On January 12, 2001, Alvarez-Beeerra filed a motion to suppress all information obtained as a result of the stop and detention. In setting forth the factual background of the stop, Alvarez-Beeerra admitted that “[t]he automobile driven by defendant had a cracked windshield.” In support of the suppression motion, Alvarez-Becerra argued that Officer Reed did not have reasonable suspicion to stop and detain him for violation of state or local traffic laws because the crack in his windshield did not impair his vision.
In its response to the suppression motion, the Government asserted that Officer Reed had reasonable, articulable suspicion to stop and detain Alvarez-Beeerra because he was driving a vehicle with a cracked windshield in violation of state and local traffic laws. See N.M. Stat. Ann. § 66-3-846 (Michie 1978); Albuquerque, N.M., Code Ordinances § 8-6-7 (2001) (effective 1974). Alternatively, the Government contended that “even if the stop of defendant’s vehicle is found to be invalid, neither defendant’s identity nor Immigration and Naturalization Service files are suppressible.”
At the outset of the suppression hearing, the district court judge stated, “I will assume for the purposes of this motion that you are correct in your position that it was an illegal stop.” The Government informed the court that it would not concede that the traffic stop was illegal and argued that “the Court needs factual testimony before making the determination as to whether or not the stop in this case was legal.” The court informed counsel that presentation of evidence that would support the legality of the stop was unnecessary “for the decision in this case.” Neither side presented any evidence. The court made no factual findings. Instead, the court concluded as a matter of law that a defendant’s identity is not suppressible in a criminal proceeding.
II
In his opening statement, defense counsel informed the jury that Officer Reed detained Alvarez-Beeerra because his vehicle had a cracked windshield. Officer Reed was called as a witness at trial. He testified that he detained Alvarez-Beeerra because he was driving a vehicle that had a “significant crack” in the windshield.
The jury found Alvarez-Beeerra guilty as charged. He was sentenced to serve 100 months in person, two years of supervised release, and a $100.00 special penalty assessment.
III
This action arises under 8 U.S.C. § 1326. The district court had jurisdiction over the action pursuant to 18 U.S.C. § 3231. We have jurisdiction over Alvarez-Becerra’s timely appeal from the final judgment pursuant to 28 U.S.C. § 1291.
IV
Alvarez-Beeerra contends that the district court erred as a matter of law in ruling that illegally-obtained evidence of a defendant’s identity may not be suppressed in a criminal prosecution. On appeal from a motion to suppress, we review *406 a district court’s conclusions on questions of law de novo. United States v. Minjares-Alvarez, 264 F.3d 980, 983 (10th Cir.2001).
The instant case arose out of a traffic stop. “A traffic stop, however brief, constitutes a seizure within the meaning of the Fourth Amendment, and is therefore only constitutional if it is ‘reasonable.’” United States v. Callarman, 273 F.3d 1284, 1286 (10th Cir.2001) (citation omitted). “[A] traffic stop is valid under the Fourth Amendment if the stop is based on an observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring.” United States v. Botero-Ospina, 71 F.3d 783, 787 (10th Cir.1995) (en banc); see Callarman, 273 F.3d at 1286 (quoting Botero-Ospina and holding that “[w]hile either probable cause or reasonable suspicion is sufficient to justify a traffic stop, only the lesser requirement of reasonable suspicion is necessary.”).
When faced with a motion to suppress evidence obtained as an incident to a traffic stop, the Government must present evidence to show that the traffic stop was justified by a reasonable, articulable suspicion of illegal activity. Proof of “the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard.” United States v. Arvizu, — U.S. -, -, 122 S.Ct. 744, 750, 151 L.Ed.2d 740, -(2002.).
We also review de novo whether the Government has presented sufficient facts to demonstrate that a traffic stop was based on reasonable articulable suspicion. Callarman, 273 F.3d at 1287. “Our sole inquiry ... is whether this particular officer had reasonable suspicion that this particular motorist violated ‘any one of the multitude of applicable traffic and equipment regulations’ of the jurisdiction.” Id. (citation omitted); see also Arvizu, — U.S. -, at -, 122 S.Ct. 744, at 750, 151 L.Ed.2d 740, at-(stating that reviewing courts should make -reasonable-suspicion determinations by looking at the “ ‘totality of the circumstances’ of each case to see whether the detaining officer has a ‘particularized and objective basis’ for suspecting legal wrongdoing.”) (citation omitted).
In reviewing a district court’s denial of a motion to suppress, this court is “not limited to considering only the evidence introduced at the suppression hearing. This court may also consider any evidence properly presented at trial, even though that evidence might not have been introduced at the pretrial hearing.” United States v. Rios, 611 F.2d 1335, 1344 n. 14 (10th Cir.1979) (citing United States v. Smith, 527 F.2d 692, 694 (10th Cir.1975)); see also United States v. Corral, 970 F.2d 719, 723 (10th Cir.1992) (stating that “[a]s a reviewing court, we are not confined simply to the evidence adduced during the suppression hearing. In evaluating the correctness of the district court’s rulings, the appellate court máy consider the entire record developed from the trial even though such evidence may not have been presented during the suppression hearing.”) The record shows that AlvarezBeeerra conceded in the motion to suppress and in his opening statement to the jury that Officer Reed stopped him because his windshield was cracked. “Though statements in briefs or during oral argument are not necessarily binding admissions, we may consider them as such at our discretion.” See Towerridge, Inc. v. T.A.O., Inc., 111 F.3d 758, 769 (10th Cir.1997); Guidry v. Sheet Metal Workers Int’l Assn., Local No. 9, 10 F.3d 700, 716 *407 (10th Cir.1993) (stating that “[judicial admissions are formal admissions ... which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.”) (internal quotations and citation omitted).
The record of the trial proceedings reflects that Officer Reed testified that he detained Alvarez-Becerra because he was driving a vehicle with a cracked windshield. Under New Mexico law, a motor vehicle with a cracked windshield may be stopped if the officer had reasonable grounds to believe that the crack in the windshield made the vehicle dangerous. State v. Munoz, 125 N.M. 765, 965 P.2d 349, 353-54 (N.M.Ct.App.1998) (discussing N.M. Stat. Ann. § 66-3-801 which makes it a misdemeanor to violate N.M. Stat. Ann. §§ 66-3-801 through 66-3-887); see also N.M. Stat. Ann. § 66-3-846 (Michie 1978) (stating that windshields must be unobstructed); Albuquerque, N.M., Code Ordinances § 8-6-7 (2001) (effective 1974) (stating that it is “unlawful for any person to-drive a vehicle when the windshield ... [is] in such defective condition as to impair the vision of the driver.”).
Alvarez-Becerra maintains that the mere fact that he was driving a vehicle with a cracked windshield does not demonstrate that there was a reasonable suspicion that his vision was impaired. This Court has held that if an officer has a “reasonable articulable suspicion” to believe that a windshield crack substantially obstructed the defendant’s view of the street, “[i]t is irrelevant whether the observed crack was, in fact, large enough to constitute a violation of the law.” Callarman, 273 F.3d at 1287.
The United States Supreme Court has instructed that “[a] determination that reasonable suspicion exists, however, need not rule out the possibility of innocent conduct.” Arvizu, — U.S. -, at -, 122 S.Ct. 744, at 753, 151 L.Ed.2d 740, at -. We are persuaded by our independent review of the record that Officer Reed did not detain Alvarez-Becerra illegally in attempting to determine whether the cracked windshield impaired his vision. Assuming arguendo that the crack in the windshield was not excessive enough to actually impair Alvarez-Becerra’s vision of road conditions, such proof would not demonstrate that the detention to examine it was unreasonable.
We are free to affirm on any basis that is supported by the record. See Griess v. State, 841 F.2d 1042, 1047 (10th Cir.1988) (stating that the Tenth Circuit is “ ‘free to affirm a district court decision on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.’ ” (citation omitted)). Because the record shows that Officer Reed had a reasonable, articulable suspicion that AlvarezBecerra was operating a vehicle in violation of the law, we need not decide whether the district court ruled correctly that his identity would not have been suppressible in this criminal proceeding even if the stop and detention were illegal.
AFFIRMED.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

. 8 U.S.C. § 1326 provides in relevant part:
(a) ... any alien who—
(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
(2) enters, attempts to enter, or is at any time found in the United States ... shall be fined under Title 18, or imprisoned not more than 2 years, or both.
*405 lb) Criminal penalties for reentry of certain removed aliens
Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection—
(2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both;
8 U.S.C. § 1326 (1999).